**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Brendan F. Kelly</u>

   v.                                         Civil No. 15-cv-184-PB

<u>Internal Revenue Service</u>


**<u>REPORT AND RECOMMENDATION</u>**

Pro se plaintiff, Brendan F. Kelly, has filed a complaint (doc. no. 1), which is before the court for preliminary review. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**<u>Background</u>**

Plaintiff asserts that he receives Social Security checks from which federal income taxes are withheld. Plaintiff asserts he has concluded that he is not a "taxpayer," without offering any explanation of the reasons, and he argues that the Internal Revenue Service ("IRS") lacks authority to deduct taxes from his Social Security checks. Plaintiff further asserts that the government has no authority to tax income because of the "law of apportionment." Doc. No. 1, at 3. Plaintiff seeks injunctive and monetary relief, including a refund of taxes he has paid since 2005, and an injunction to prevent the withholding of any portion of his Social Security benefits, going forward.

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis.  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**Discussion**

I.   **Anti-Injunction Act, 26 U.S.C. § 7421(a)**

The Anti-Injunction Act, 26 U.S.C. § 7421(a), limits this court's jurisdiction to enjoin the IRS from collecting taxes by withholding or deducting funds from Kelly's Social Security checks.  The Anti-Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a); see also Nat'l Fed'n of Indep.

Bus. v. Sebelius, 132 S. Ct. 2566, 2582 (2012) ("This statute protects the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes.  Because of the Anti-Injunction Act, taxes can ordinarily be challenged only after they are paid, by suing for a refund.").  An injunction preventing the collection of taxes via withholding is "contrary to the express language" of the Act, whether that withholding is undertaken through a payroll deduction, United States v. Am. Friends Serv. Comm., 419 U.S. 7, 10 (1974), or as a deduction from Social Security payments, Reeve v. Soc. Sec. Admin., No. Civ.A. 1:04CV1008JCC 95, 2005 WL 998595, *1, 2005 U.S. Dist. LEXIS 7454, *3, 2005-2 U.S. Tax Cas. (CCH) P50,601, 95 A.F.T.R.2d (RIA) 2226 (E.D. Va. Apr. 28, 2005), aff'd sub nom. Reeve v. United States, 142 F. App'x 189 (4th Cir. 2005).

    The Anti-Injunction Act is subject to statutory exceptions, which do not appear to apply here, and to an equitable exception, which allows a plaintiff to file an action to enjoin tax collection if the plaintiff shows, among other things, that "under no circumstances could the Government ultimately prevail."  Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7

(1962). Stripped of every legal conclusion,[1] the allegations in the complaint do not show that the government could not ultimately prevail in this case. This court is thus without jurisdiction to grant the injunctive relief sought by Kelly, going forward. For that reason, the district judge should dismiss the claims seeking such relief.

### III. Exhaustion of Administrative Remedies

In addition to asserting claims for injunctive relief, Kelly seeks a refund of taxes he has paid since 2005. Section 7422(a) of the Internal Revenue Code requires a taxpayer to file an administrative claim before filing an action in court:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . <u>until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof</u>.

26 U.S.C. § 7422(a) (emphasis added). Nothing filed in this action suggests that plaintiff has exhausted his administrative remedies with respect to his refund claim. In the First

---

[1] Kelly's challenge to the taxation of his income, which relies on the Constitution's requirements as to apportionment, is unavailing. "The Sixteenth Amendment eliminated any requirement that 'income taxes' imposed by Congress be apportioned among the states." Quijano v. United States, 93 F.3d 26, 30 (1st Cir. 1996).

Circuit, the exhaustion of administrative remedies in such cases is jurisdictional. See Muskat v. United States, 554 F.3d 183, 195-96 (1st Cir. 2009) (court lacked jurisdiction over claim for refund that taxpayer had omitted from administrative phase of his refund claim). Accordingly, the district judge should dismiss plaintiff's claims seeking a refund of federal taxes, for failure to exhaust administrative remedies.

## Conclusion

For the foregoing reasons, the court should dismiss all claims asserted in the complaint (doc. no. 1). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 22, 2015

cc: Brendan F. Kelly, pro se